May it please the court, Lawrence Rolfing, on behalf of Mr. O'Brien. On page 22 of the decision, the ALJ outlines what he has to find. And he says that he has to make findings on the ability to perform past relevant work, and he outlines the three factors that go into a past relevant work finding, recency, duration, and earnings. And when we turn to the actual decision on page 28 of the administrative record, on page 22 of the administrative record, that's page 38 of the excerpts, on page 44 of the excerpts, the ALJ says, I agree with the vocational expert that he has past relevant work as a telemarketer. He doesn't make the factual findings of recency, duration, or earnings. Now, the government says that Mr. O'Brien waived that issue or forfeited that issue. But that's not the way forfeiture works. When the ALJ has a specific regulatory duty to make specific regulatory findings, if the claimant sat on his hand mute, the judge still has to make those findings that are in the regulations of recency, duration, and earnings. What's your response to their point that you didn't respond to the argument in the district court and therefore had a separate forfeiture by not raising your car-based arguments in the district court? Or similar arguments? Right. The argument that was made that permeates through the joint submission to the district court is that the ALJ had a regulatory duty to address the issues. That's the response, that there's a regulatory duty to address these issues. And perhaps Mr. O'Brien would have been better served had I made the specific car-based arguments. But he's not required, the ALJ doesn't get to escape the regulatory duties imposed on him because the commissioner doesn't get a defense by raising a red herring that doesn't apply. It just simply doesn't apply. This is a regulatory duty to address the issue. This court's statement in Jacobo Castillo says that the action or inaction of the party doesn't empower or disempower the court. And the action or inaction of Mr. O'Brien doesn't empower or disempower the ALJ to ignore his regulatory duties to make a detailed factual finding that is sufficient for judicial review. This isn't a case where the claimant has a 10 or 12-year history of working at the same employer, working full-time for years and years.  Do you agree that if January to April is construed to be three months? I understand you said they didn't make the finding. But suppose the ALJ said, I construe January to April to be three months. He said three months. So it's probably like mid-January to early April, three months. And do you agree that if that were the case, then the average minimum would be met? We would have a different regulatory argument or a sub-regulatory promulgation argument. The commissioner's averaging technique says that January 15th to April 15th may be 90 days. But we count it as four months. That's just the way the regulations play out. They don't carve up months into chunks. And so somebody could say this is the third year of the COVID pandemic. And they would be right. It is the third year. It's the 36th month or the 37th month of the COVID pandemic. But it's actually spanned four years. And under the regulatory, the way that the commissioner does averages, if you were a week in January and a week in April, they count four months. That's just the way the agency does it. And so by the ALJ not making a factual finding and saying exactly what Your Honor has said, the ALJ has deprived Mr. O'Brien of making a detailed regulatory and sub-regulatory argument that would have addressed that issue. Because what Your Honor has said sounds right as a layperson as we stand here, or sit here, but it's wrong on how the agency construes time. Your basic point is that if we find the issue to not have been forfeited, then it would need to go back so that the ALJ will make the appropriate determination. It would be appropriate to say if the court is concerned whether January to April is actually under the decision-making scheme of the agency is three months or four months, then the court should send it back. If the court is convinced that January to April is the first to the fourth month, and clearly that's four months, then you should reverse and pay. But if you have any questions about that, yeah, the court can always exercise its discretion to send it back and let the ALJ make that factual finding under the agency policy in the first instance. Does it matter that he said he worked three months? No, because that's just the way people talk. This is not a sophisticated man. This is a guy that's had relatively few work histories. This is to say that I... Unsophisticated. I mean, January to April could be three or could be four, depending on when it started and finished. If someone asked me how long I've been a lawyer, I would say 38 years, but it's actually I'm in my 39th year. That's just the way people communicate. He'd been there 90 days, 100 days, 110. He hadn't been there 120 days. For him to say three months is a reasonable way of communicating, and if the ALJ has a question about, well, you said three months, but you started in January and you ended in April. How is that three months? Like, well, it was three months later. To hang people on those kinds of... Especially in the context where the judge is... He is not an umpire calling balls and strikes. This is not an adversarial system. The judge is the inquisitor. Sims makes that clear. Carr makes that clear. The judge has an affirmative duty. And to snare the claimant on his sloppy use of language and not clarify it, when there's a reasonable explanation, I think that's the key, is a reasonable explanation is not supported by substantial evidence and constitutes error of law. What about the 2003 work? 2003 is well beyond October 1, 20... Well before October 1, 2004. It's at least 10 months old, and if the judge wants to treat ancient work as within the period, then the judge should explain it, why the ancient work counts, whether it's continuity of services of similar nature, whether it's a work attempt that ended up not being SGA ten years later or five years later. The judge should explain that. And this court should not engage in fact-finding and say, well, we think the judge could have, which is what the district court did, the judge could have but didn't, but I'll make the decision for him. That's not the function of this court. The function of the court is to review the words and decisions of the ALJ within the four corners of the ALJ decision. I see we have a minute and 57 left. We're reserved. Thank you. Okay. Let's hear it from the counsel for the commissioner. Good afternoon, Your Honor. It's Shea Bond on behalf of the Commissioner of Social Security. I'd like to confirm that you can hear me? Yes, we can. Thank you. I'd like to start my response with saying that the court actually should apply for a mature or waver to this case. There have been different levels of forfeiture and waver, first at the administrative level for the reasons we explained in our brief. And this court has applied an administrative waver principle to Step 4 issues in the past or SGA issues and has applied that principle. Not in a published decision? No, we cited unpublished, but those unpublished cases have not come up well. No, they have not come up well by that, and the Supreme Court has had a lot to say about the application of judicially created exhaustion rules in CAR. So I'm not sure how much weight unpublished decisions are going to have. Well, I would start by saying that CAR addressed a very specific forfeiture claim, and that was in the constitutional context under the Appointments Clause. And the case in CAR, the court did not. Counselor, you are wasting your time trying to get us to take unpublished memorandum dispositions as binding authority. It's just a waste of time. We're the people that create those unpublished memorandum dispositions, and we do it because we think we do not have the necessity nor the time to write a decision that's clear enough and complete enough to function adequately as binding authority. That's how we do it. That's what it means to say it's not binding authority, and you're putting your head against the wall trying to change that. Well, I agree with the characterization of unpublished precedent, but I'm saying for a persuasive application of waiver or forfeiture, in those cases, this court have applied published precedent to step four scenarios. However, to the extent that this court would not adopt that here, although it has been done in other ways. Help me on a substantive issue that bothers me here. Whether there has to be some explanation of using work history more than 15 years old, my own thinking on that would be, well, yeah, you should. I mean, what a person can do when they're 40 and what a person can do when they're 55 or what a person can do at 60 and what they can do when they're 75, that's two different things for most people. Well, I would say in this scenario, plaintiff has never cited any agency authority stating that those explicit types of articulation are required in every case. In the case that we have here, we have an individual who. There isn't any binding authority that says it's required in every case, but there's a presumption. I mean, it sure wouldn't say that a great baseball player at age 30 would have his work history at 30 as a baseball player would tell you how much he can work at age 45 as a baseball player. So the difference, the factual difference we have here is that the only time that, this isn't the only time that the plaintiff performed the telemarketing work. Let's say back in 2003, he continued to do telemarketing work throughout his career. He returned to it in 2009. He returned to it in 2013. So that's not the scenario that you're describing where as someone is getting older and is further removed from that experience. The telemarketing work is pretty much bottom of the barrel employment. Well, I disagree. I would say that semi-skilled work according to the DOT. My question regarding the telemarketing work is essentially whether you can make enough money at it to be substantial. Well, I mean. You could 15, more than 15 years ago, but you can't now. That matters. Well, it sounds like you're talking about changes in the job market currently, but that's not a consideration when we're talking about, you know, the current, what the current job market is. We're talking about whether the claimant retains the capacity to perform his past relevant work, and here we have evidence that this individual has been able to return to doing that occupation throughout, you know, since 2003. He keeps returning to it, and he has obtained substantial earnings, at least according to the agency, and we're looking at specifically the 2009 period. I believe your owner had asked about, well, the claimant said he did this occupation for three months, and that's an affirmative acknowledgement from the claimant on the record that he did telemarketing it for three months, and when that is averaged into the earnings that he received at that time, it exceeds the threshold for SGA. So, I mean. What about this regulation your adversary cited that says any portion of a month counts as a month? Well, we also have our SSR that talks about earnings are generally averaged over the actual period of time in which work was performed. So, if the claimant is saying that he performed this work over a three-month period, that would be an average of three months. I mean, we take the claimant at his word that he did this work over three months, and. I don't know what I'm thinking of, so you can address my thoughts and your answer. When people are sentenced to three days in jail, typically they go to jail Friday night, 10 minutes before midnight, and they get out of jail Sunday morning, 10 minutes after midnight, on Saturday night, Sunday morning, because any portion of a day counts as a day, and in ordinary speech, they'd say they got one day in jail, except they were sentenced to three days, and they did three days the way the government counts it. I think your adversary is saying it's the same way with work. So, if you work one day in January, it's treated as though you worked all of January. Is that wrong? Well, I don't, there's no regulation to my knowledge that says specifically that, but like I highlighted in the SSR, it does say that if it's over the specific, we have the specific period of time, we average it over the actual time that this work was performed. If we have a claimant describing the time performed between, say, January and April as three months, we have a very specific time frame that the claimant has identified. I know Mr. Rothman is trying to say that the claimant is unsophisticated, but, again, he's been doing semi-skilled work for at least a decade or more, so I don't think it's unreasonable to hold the claimant at their word, say that if they did the work for three months, they know the difference between three and four months. If he had actually worked more periods from, say, January 1st until April 31st, then that would be four months. But he said three months, and I think we need to hold the claimant to his word, and I don't see that as being an ambiguity that ALJ was required to resolve. Can I ask you about your argument about district court-level forfeiture? Yes. As I understand it, the structure of these joint submissions is the claimant goes first, then the government responds, and then the claimant replies. And you raise the issue in your response, and I understand so you want to attach forfeiture to failure to raise an issue in reply, but replies are usually viewed as being optional and not things that result in forfeiture, and indeed the new special civil rules for Social Security cases that went into effect in December make explicit that replies are optional. How could we attach forfeiture to a failure to raise a point in reply? Well, I would say, obviously, this pleading was filed prior to the changes you're just making. I'm not sure. I mean, it is filed as reply. So the claimant did opt to file a reply, and given that the government's primary argument was that this issue had been administratively forfeited, it would have behooved the claimant to address that so that the district court could have addressed whether administrative forfeiture should apply or whether any exceptions existed, and the claimant opted not to address that at all. So when the district court, in its order, stated, you've given me nothing to challenge the government's assertion of this issue and why it should not apply to your case or if an exception applies, plaintiff is given the opportunity to explain that. Realistically, this shouldn't be the first time that the claimant is providing arguments to challenge the application of forfeiture and then trying to assert an exception for the first time. And, you know, I would just highlight that, you know, a claimant did have an attorney at the hearing who was fully aware that step four was going to be an issue in this case. The ALJ had explained that in the hearing notices that this was going to be an issue decided, and that if they had any objection, to file those written objections prior to the hearing. But you're not claiming that there was a violation of the issue identification rule, are you? In what context are you saying? I mean, because you just referenced there's a requirement in the Social Security rules that the agency issue a notice of hearing which identifies the issues. And here that was done, and the issue is, you know, the relevance of, you know, the ability to perform past work was identified as one issue. And then there's a requirement to file objections if you object to the identification of the issues. Are you saying that that objection document is a place where they had to raise this issue? Well, I'm saying it's showing that there's just been a string of opportunities that the claimant could have objected to this telemarketing work being considered as past relevant work, but never availed themselves through his attorney to object. Are you illustrating any precedent or any authority, either administratively or judicially, that says that that objection document under that rule is a place to file basically what amounts to a brief on the issues identified in the notice? No, no. I think I'm maybe not presenting what I'm saying clearly enough. I'm just giving examples of how plaintiff, through his attorney, was put on notice that this was going to be an issue in the case, and that despite having the sufficiency of notice, actual notice, that there was no objection lodged to the ALJ, even just at the hearing itself, following the questioning of vocational expert, following the questioning of the claimant about the telemarketing work, that there was never an objection lodged that this should not be considered past relevant work. And so now that we're getting into federal court, that the claimant is raising that for the first time and then again did not respond to our argument that the issue was waived or should be deemed waived because there was no response presented to our assertion of that issue. Again, it shouldn't be really the first time that we're addressing forfeiture or waiver issues in the second court. So that's the point I'm trying to raise, Your Honor. We get a blue brief that argues merits. We get a red brief from the government that argues waiver or forfeiture. And we get either no reply brief or a reply brief. Usually if we get a reply brief, it will address them, but not always. And I don't recall that we have any published decisions that says that the forfeiture issue has to go the government's way because of a waiver or forfeiture. I'm sure there was an opportunity to argue about it, file a reply or a brief, but the fact that there wasn't just means we don't have the help of the felon or petitioner in addressing it. It's funny that you stand on that instead of the merits. I just don't see any published authority that goes your way. Well, again, that's our first presentation of defense, but we also address the merits in our brief. And we have discussed the merits here today. Suppose we had just discussed the waiver and forfeiture issues as could easily have happened from the way we've been proceeding. Would that mean you waived any disputes you had with the appellant on the merits? In what context? I'm sorry. It was a moral argument. And if you did not raise the merits at all and all we talked about was waiver and forfeiture, you then were forfeiting any arguments you might have addressing the merits? Well, I think if we had put in our brief that if the court wished to address the merits, we would want to have, say, supplemental briefing or something to that extent. I don't know if I'm addressing your argument the way you're presenting it, but we could have tried to preserve that to address the merits on the alternative. But, honestly, we didn't here. We didn't present our alternative argument on the merits in the substance. I don't think I made my question clear, but that's enough on it. Thank you. I see that I'm over. If there are any additional questions, I can answer those. But, otherwise, we would ask that the court affirm the ALJ's decision. Okay. Thank you very much for your argument. Is there time for a vote of yes? The court has seized on the correct issue. If Ms. Bond was right in this case, then no plaintiff would ever file a reply brief. They would never file one for the risk of forfeiture or waiver. It's just they wouldn't do it. And that's just not the way the court should operate. The court should be encouraging to file an optional reply brief. But it is optional. And it is a statutory obligation. And Ms. Bond has pointed to Social Security ruling 8262, and it says you average over the period of time. And as Judge Kleinfeld pointed out in his jail analogy, the period of time is one minute before midnight, one minute after midnight. On Friday to Sunday is three days. And January 31st to April 1st is four months. That's just the way the law works. Because to dissolve the administrative process into dividing the earnings by 4.3 weeks per month, it doesn't work administratively. So where do we find that? 8262 says to do it over the period of time. And there's nothing in the agency. Ms. Bond has pointed to nothing in the agency that suggests that you divide days into weeks or months into weeks or weeks into days to do an average. Which is the only way to do something that says you treat any portion of a month as a month. There are cases that say that. I don't recall them off the top of my head. And I think they're all unpublished. Nothing further. Okay, so no. Very good. Thank you very much for your argument. The case is just argued and submitted.
judges: KLEINFELD, WATFORD, COLLINS